# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Sarah E. Forbes,
Trustee

v.

Riverside Healthcare
Assn., Inc., et al.

August 14, 2009

Case No. 08-00773-PTtTF

BY JUDGE TIMOTHY S. FISHER

The following constitutes the court's ruling on the plaintiff's Motion for Partial Summary Judgment and the defendant's Cross-Motion for Partial Summary Judgment. The basis upon which this cause of action lies is a Trust Agreement created on January 15, 1988. By that trust, certain real property was placed in the trust for the benefit of Riverside Healthcare Association at the time of the death of the grantor and trustee, Sarah E. Forbes. Sarah E. Forbes is to receive the net income of the trust during her life and, as Trustee, would hold, manage, and generate income from the Trust property.

The Trust further provides that the Trustee has no authority to sell any real property of the Trust, "except to a condemnor pursuant to a Notice of Condemnation." Such condemnation occurred with the Commonwealth of Virginia taking a portion of the property and paying a total of $1,650,000.00 as compensation for the condemnation.

The proceeds have been placed in an escrow account pursuant to an escrow agreement, and the parties have now filed a motion and cross-motion for partial summary judgment relative to the disposition of the proceeds of the condemnation. Neither party argues that summary judgment may not be had concerning the disposition of the condemnation proceeds.

In the motions, there is a dispute about the ability of the Trustee to deduct certain expenses totaling $26,931.89 for alleged clean-up and painting of the trust property necessitated by the condemnation and subsequent highway construction; so, since there is an issue as to those material facts in controversy, summary judgment may not be had as to the expenses.

However, summary judgment may be granted on the issue of the status of the monies received from the condemnation, and that decision follows.

The defendants argue that the Uniform Principal and Income Act (UPIA) applies and that Va. Code § 55-277.13.4 controls, which states as follows: "A Trustee shall allocate to principal . . . proceeds of property taken by eminent domain."

Virginia Code § 55-277.33 states that the UPIA "applies to every trust, decedent's estate, or non-trust estate existing on January 1, 2000, except as otherwise expressly provided in the will or the terms of the trust, any other governing document, or in this chapter." As the trust was established in 1998, the UPIA would apply to this trust.

The plaintiff does not argue otherwise but states that Va. Code § 55-277.3 states as follows:

A. In allocating receipts and disbursements to or between principal and income and with respect to any matter within the scope of Articles 2 . . . and 3 . . . a fiduciary:
1. Shall administer a trust or estate in accordance with the terms of the trust, or the will, even if there is a different provision in this chapter. . . .

The question then is, is it possible to determine the appropriate disposition of the condemnation proceeds from a review of the trust?

Paragraph 3.C. of the Trust states as follows:

The Trustee shall distribute all net income generated by the trust and the trust property unto the grantor at least quarter annually during the lifetime of the grantor and may, in her discretion, distribute the net income unto the grantor more frequently.

The very next paragraph on page 4 of the trust found at paragraph i. states as follows:

> For purposes of this agreement, net income shall be defined as all funds received from the rental of the trust property and/or generated from or by the trust property and/or any proceeds from the trust property. . . .

Since funds received from the rental of the trust property are contained in that definition, there simply is no question that money received from the condemnation proceeds fall in the category of "and/or generated from or by the trust property and/or any proceeds from the trust property. . . ."

Interestingly enough, the section of the UPIA upon which the defendants rely also uses the term "*proceeds* of property taken by eminent domain." (Emphasis added.)

As the trustee is prohibited from selling the trust property and the rental funds are already referred to in the first section of the definition of net income, there simply is no question that the "proceeds from the eminent domain" is contained in the definition of net income which one reaches by deducting the expenses that are required to be paid by the trustee.

Accordingly, there is no need to get to the Uniform Principal and Income Act requirement for allocation of the eminent domain proceeds to principal as the trust provision defines net income and it is simply not a difficult task to determine that the monies received from the condemnation fall within the definition of the paragraph to reach net income.

Accordingly, the plaintiff's Motion for Partial Summary Judgment is granted and the defendant's Cross-Motion for Partial Summary Judgment is denied.

Both parties agree that the issue regarding the expenses of $26,931.89 is not appropriate for decision by summary judgment.

The distribution of the proceeds shall not be made at this time in accordance with the court's ruling on August 10, 2009, and in consideration of the pending motion by the defendants to remove the plaintiff as trustee. The trustee shall receive not only no distribution from the escrow account regarding the condemnation proceeds but, as ordered on August 10th, shall receive no income from the trust pending her demonstrated compliance with paragraph 7A of the trust requiring:

> The trustee shall furnish to the grantor and to Riverside within 4 (four) months of the close of each calendar year a statement showing the condition of the trust and the receipts and disbursements during the period covered thereby from the date of the creation of the trust or from the date of the last previous statement furnished by the trustee as the case may be.

Assuming, the trustee demonstrates past or present compliance with that requirement of the trust, the plaintiff may then seek leave of court for distribution of the proceeds of the condemnation less the challenged expenses and continue to receive current income from the trust pending a decision on the defendant's pending motion to remove the plaintiff as trustee.